IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


HILDA L. SOLIS, SECRETARY OF           3:09-CV-863-BR
LABOR, UNITED STATES DEPARTMENT
OF LABOR,                              SUPPLEMENTAL FINDINGS OF
                                       FACT AND CONCLUSIONS OF
                                       LAW AND VERDICT
          Plaintiff,

v.


R.M. INTERNATIONAL, INC., and
JAMES KEYES,

          Defendants.

**KATHY ALEJANDRO**
Acting Regional Solicitor
**BRUCE L. BROWN**
Associate Regional Solicitor
**EVAN H. NORDBY**
United States Department of Labor
Office of the Solicitor
300 Fifth Avenue, Suite 1120
Seattle, WA  98104
(206) 757-6762

          Attorneys for Plaintiff

1  - SUPPLEMENTAL FINDINGS OF FACT, CONCLUSIONS OF LAW, AND VERDICT

**RICHARD N. VAN CLEAVE**
VanCleave & Cobrain LLC
16135 S.W. Railroad Street
Sherwood, OR 97140
(503) 625-2100

**TODD A. HACKETT**
Stoel Rives LLP
900 S.W. Fifth Avenue, Suite 2600
Portland, OR 97204
(503) 294-9454

         Attorneys for Defendants


**BROWN, Judge.**

     This action concerns the parties' dispute over the application of an exemption to the Fair Labor Standards Act of 1938 known as the Motor Carrier Act Exemption under 29 U.S.C. § 213(b)(1).  The matter was tried to the Court on November 14 and 16, 2011.

     On March 16, 2012, the Court issued Findings of Fact and Conclusions of Law (#105) with respect to the liability of Defendants under FLSA for overtime pay to their truck-driver employees.  In its Findings of Fact and Conclusions of Law, the Court concluded, *inter alia*, there were outstanding issues concerning the parties' Stipulation (#95) as to Damages that resulted from the Court's factual and legal determinations, and the Court requested the parties to file a joint statement clarifying the amount of damages to which the parties had stipulated.  In response, on April 16, 2012, the parties filed

2  - SUPPLEMENTAL FINDINGS OF FACT, CONCLUSIONS OF LAW, AND VERDICT

their Proposed Stipulation (#106) as to Damages.

Having considered the parties' Stipulation (#106), the Court now resolves the remaining issues the Court reserved in its Findings of Fact and Conclusions of Law (#105) issued on March 16, 2012, which are fully incorporated herein by this reference. Accordingly, the Court makes these Supplemental Findings of Fact and Conclusions of Law pursuant to Federal Rule of Civil Procedure 52(a).

<u>**SUPPLEMENTAL FINDINGS OF FACT**</u>

Pursuant to Federal Rule of Civil Procedure 52(a), the Court finds the following additional facts by a preponderance of the evidence:

**A.    Stipulated Facts.**

1.    Based on the parties' Stipulations, the Court finds the amount of uncompensated overtime pay due to Defendants' employee-drivers "who drove only inside the State of Oregon" is $94,740.63.

2.    Based on the parties' Stipulations, the Court finds the amount of uncompensated overtime pay due to Defendants' employee-drivers who drove interstate routes is $93,449.31.

3.    Thus, the total amount of uncompensated overtime pay is $188.189.94.

**B.   Additional Facts Established at Trial:**

    1.    On or about November 29, 2009, the Department of Transportation performed a compliance review of DTNA and RMI during which the DOT cited "some" of Defendants' roughly 130 intrastate-only drivers.

    2.    Defendants retained legal counsel during the DOT compliance audit in November 2009.

    3.    Defendants required their drivers to meet DOT physical standards, to perform DOT-mandated inspections, and to maintain DOT-mandated trip logs.

<u>**SUPPLEMENTAL CONCLUSIONS OF LAW**</u>

Based on the record and the legal standards that follow, the Court makes the following additional Conclusions of Law pursuant to Rule 52(a)(1):

**A.   Stipulated Conclusions of Law.**

    1.    Based on the parties' Stipulation (#106), Defendants' liability for uncompensated overtime wages of their employee-drivers "who drove only inside the State of Oregon" is $94,740.63.

    2.    Based on the parties' Stipulation (#106), Defendants' liability for uncompensated overtime wages of their employee-drivers who drove interstate routes is $93,449.31.

3.    Thus, the total amount due for uncompensated overtime wages is $188.189.94.

**B.    Additional Conclusions of Law.**

1.    For violations of FLSA's overtime provisions, employers "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. §§ 216(b), (c).

2.    Courts retain discretion whether to award liquidated damages and in what amount "where an employer shows that, despite the failure to pay appropriate wages, the employer acted in subjective 'good faith' and had objectively 'reasonable grounds' for believing that the acts or omissions giving rise to the failure did not violate the FLSA." *Alvarez v. IBP, Inc.*, 339 F.3d F.3d 894, 909 (9th Cir. 2003)(internal quotations omitted) (quoting *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999)). *See also* 29 U.S.C. § 260.

3.    Defendants have the "difficult" burden to prove they acted in subjective good faith and with objectively reasonable grounds in this context when liquidated damages in an amount equal to the unpaid overtime compensation are the norm. *Alvarez*, 339 F.3d at 910.

"Where the employer 'fails to carry that burden,' we
have noted, 'liquidated damages are mandatory.'"
*Alvarez*, 339 F.3d at 910 (quoting *Local 246 Util.*
*Workers Union v. S. Cal. Edison Co.*, 83 F.3d 292, 298
(9th Cir. 1996)).

4.   Defendants maintain they have demonstrated both their
     subjective good faith and objectively reasonable belief
     that their failure to pay overtime wages to their
     drivers did not violate FLSA.  To meet their burden,
     Defendants rely almost exclusively on their compliance
     with DOT rules and the DOT's citation of "some" of
     their intrastate-only drivers.  The DOT's citation of
     "some" of Defendants' intrastate-only drivers, however,
     does not provide a sufficiently reasonable basis for
     concluding *all* such drivers were under the DOT's
     jurisdiction and, therefore, exempt from FLSA.  The
     objective reasonableness of Defendants' failure is
     undermined by the fact that the determination as to
     whether the Department of Labor or the DOT has
     jurisdiction is resolved on a driver-by-driver basis,
     as the Court explained at length on summary judgment,
     and, in any event, DOT jurisdiction for a driver who
     only occasionally drives in interstate commerce lasts
     only 4 months from the last such trip.  *See Reich v.*

*Am. Driver Serv., Inc.*, 33 F.3d 1153, 1155-56 (9th Cir.
1994).  Furthermore, exemptions to FLSA, such as the
Motor Carrier Exemption relied on by Defendants, are to
be construed narrowly and only apply to employees who
"plainly and unmistakably" fall within their terms.
*See Solis v. Washington*, 656 F.3d 1079, 1083 (9th Cir.
2011).  Thus, the Court concludes Defendants'
generalizations about entire classes of their drivers
on the basis of DOT citations of some of its drivers
are insufficient to establish the objective
reasonableness of Defendants' failure to comply with
FLSA.  Similarly and in light of the lack of testimony
in this regard, the fact that Defendants required both
their interstate and intrastate drivers comply with DOT
regulations neither establishes Defendant's subjective
belief nor its objective reasonableness.

5.  Defendants also maintain their belief that their
drivers were exempt from FLSA is reasonable in light of
the fact that they hired counsel to assist with the
November 2009 DOT compliance audit.  Although there is
not any direct evidence as to the purpose of counsel's
representation, the Court concludes it is fair to infer
that counsel was hired to ensure Defendants' compliance
with DOT regulations rather than to ensure Defendants

were compliant with FLSA.  In any event, there is not
any evidence on this record from which the Court can
find that Defendants took "the steps necessary to
ensure [its] practices complied with [FLSA]." *Alvarez*,
339 F.3d at 910 ("Mistaking ex post explanation and
justification for the necessary affirmative 'steps' to
ensure compliance, [the defendant] offers no evidence
to show that it actively endeavored to ensure such
compliance.").  Thus, the Court concludes on this
record that Defendants did not satisfy their
"difficult" burden to show their subjective good faith
failure to comply with FLSA or the objective
reasonableness of their actions, and, therefore, the
Court concludes Plaintiff is entitled to liquidated
damages in the amount equal to the unpaid overtime
wages.


## **CONCLUSION**

Based on the foregoing and on the Court's Findings of Fact
and Conclusions of Law (#105) issued on March 16, 2012, the Court
enters its **VERDICT** as follows:

1.    In favor of Plaintiff and against Defendants as to
      Plaintiff's sole Claim for Defendants' violations of
      FLSA overtime provisions for unpaid overtime

8  - SUPPLEMENTAL FINDINGS OF FACT, CONCLUSIONS OF LAW, AND VERDICT

compensation under 29 U.S.C. § 216(c) in the amount of

**$188,189.94**, and

2.    In favor of Plaintiff and against Defendants for an

award of liquidated damages pursuant to 29 U.S.C.

§ 216(c) in the same amount of **$188,189.94**.

To the extent Plaintiff contends she is entitled to

attorneys' fees and/or costs, Plaintiff shall submit a timely

petition and cost bill after entry of judgment.

The Court **directs** the parties to confer and to submit to the

Court **no later than May 18, 2012**, a jointly proposed form of

judgment on this Verdict.

IT IS SO ORDERED.

DATED this 26th day of April, 2012.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge